**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SAMMY MOORE,**<br>**#R05044,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NURSE JACKMAN, WEXFORD HEALTH SERVICES, L. LIVINGSTON, CUNNINGHAM, and JANE DOE,**<br><br>**Defendants.** | **Case No. 20-cv-00892-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Sammy Moore, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Moore claims that while housed at Lawrence Correctional Center Defendants were deliberately indifferent to his serious medical needs by not refilling his migraine prescriptions in a timely manner. He seeks declaratory relief and monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Moore alleges the following: He suffers from chronic migraines, which are treated with Excedrin Migraine, Metoprolol, and Imitrex. (Doc. 1, p. 2). Without his medication, Moore is "force[d] to shut down completely." (*Id.* at p. 6). He becomes sensitive to light and sound, experiences nausea, and must confine himself to dark spaces, which is impossible to do in a prison setting. Moore's migraine attacks last anywhere between 2-4 hours. (*Id.*).

In order to receive a refill of any of these prescriptions, Moore must follow the refill policy created and implemented by Wexford Health Services ("Wexford"). (Doc. 1, p. 2-3). According to the policy, seven days prior to running out of a prescription, an inmate must fill out a prescription request slip, which includes the inmate's name, prison identification number, living unit, and current date. The inmate affixes to the request slip a sticker that is removed from the prescription packaging. The inmate then places the prescription request slip in a mailbox labeled "health care unit" located in the foyer of each living unit. The prescription request slips are then forwarded by staff to the pharmacy department. (*Id.*). Prior to the implementation of this policy, it was the responsibility of the medical personnel to keep track of when inmate medications were due to be refilled. (*Id.* at p. 5). Under this new policy, Moore has not received his migraine medications in a timely manner on two occasions.

In September 2018, Moore submitted a prescription request slip for medication refills in accordance with Wexford's policy, but he did not receive the refills prior to running out of his medications. (Doc. 1, p. 3). He submitted several request slips to Nurse Jackman and Jane Doe, medical personnel assigned to the pharmacy department, inquiring about why his migraine medications had not been refilled. (*Id.*). He never received a response from Nurse Jackman or Jane Doe. Moore submitted a grievance about the lack of medication on September 8, 2018. (*Id.* at p. 3, 9). The grievance was deemed an emergency by the warden. Ultimately, the Administrative

Review Board found that Moore had not received medication as prescribed, but that the medication error had been corrected. (*Id.* at p. 9). He was denied his medications for 3 months. (*Id.* at p. 5).

In April 2019, Moore had an appointment with a nurse practitioner, who renewed all three prescriptions for his migraines. (Doc. 3, p. 16). At some point following the appointment, he was provided refills for Excedrin and Metoprolol, but not Imitrex. (*Id.*). He submitted several requests to Nurse Jackman and Jane Doe at the pharmacy department inquiring about the Imitrex refill and did not receive a response. (*Id.* at p. 4). Moore then submitted a grievance in June 2019. He was not provided a refill upon submission of the grievance because he mistakenly wrote that he needed a refill of "Inderal" on the grievance rather than Imitrex. He then had to resubmit the grievance, resulting in a 4 month delay in receiving his medication. (*Id.* at 4-5).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment claim for inadequate medical care against Jackman, Jane Doe, Cunningham, Livingston, and Wexford for failing to provide Moore his migraine medication.

**Count 2:** State law medical negligence claim against Jackman, Jane Doe, Cunningham, Livingston, and Wexford for failing to provide Moore his migraine medication.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

**Count 1**

The Moore claims that he was prescribed three different medications to treat his migraines, which is sufficient to demonstrate he suffers from a serious medical condition at the pleading stage. *See King v. Kramer,* 680 F. 3d 1013, 1018 (7th Cir. 2012) (a condition "diagnosed by a physician as mandating treatment" constitutes an objectively serious medical need).

Moore alleges he notified Nurse Jackman and Jane Doe in the pharmacy department that he did not have his prescription refills in September 2018 and the again in April 2019, and they ignored his requests. This is sufficient for Count 1 to proceed against Nurse Jackman and Jane Doe.

Moore alleges that the refill of his Imitrex prescription was delayed for 4 months in 2019. He claims that he wrote a grievance regarding his prescription on June 18, 2019, and Grievance Counselor Livingston and Healthcare Unit Administrator Cunningham were responsible for addressing and resolving his issues. Although they promptly addressed his grievance written on June 18, 2019, Cunningham and Livingston noted that Moore had a prescription for "Imitrex not Inderal" and denied the grievance. (Doc. 1, p. 16). Moore then filed a corrected second grievance on July 28, 2019, which was deemed an emergency. (*Id.* at p. 10). Based on Cunningham's second report, Livingston affirmed Moore's grievance that he did not receive his Imitrex prescription in May, June, and July. He was issued Imitrex August 13, 2019. Moore claims that, despite his misidentification of the prescription needed in the June grievance, Livingston and Cunningham should have more thoroughly reviewed his medical records. The records contained sufficient information for them to determine that he had not received a refill for Imitrex. He alleges that their failure to properly investigate his grievance resulted in denial and further delay of his prescription.

These allegations are not sufficient to state a claim of deliberate indifference against Livingston and Cunningham. While Livingston and Cunningham may have demonstrated

negligence or even gross negligence in not thoroughly investigating Moore's grievance, the denial of his grievance based on the wrongly named prescription provided by Moore does not amount to deliberate indifference. *See Stewart v. Wexford Health Sources, Inc.,* 14 F. 4th 747, 763 (7th Cir. 2021); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). Thus, Count 1 is dismissed as to Livingston and Cunningham.

To state claim against Wexford, a plaintiff must plead that Wexford maintains a policy or practice that caused a constitutional violation. Moore claims that Wexford's prescription refill policy, which resulted in delay of his care, was implemented in an effort to save costs. This is sufficient for Count 1 to proceed against Wexford.

**Count 2**

Moore asserts that he is also bringing a common law negligence claim. (Doc. 1, p. 7). The allegations of negligence derive from the same facts as the federal constitutional claim, so this Court will exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a) (district court has supplemental jurisdiction over state law claims that "are so related to [the federal law claims] that they form part of the same case or controversy under Article III of the United States Constitution").

But, Moore has not provided the affidavit and medical report required under Illinois state law, 735 ILCS § 5/2-622. If he intends to proceed with this claim, Moore must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States,* 942 F.3d 349 (7th Cir. 2019). Moore must comply with the requirements set forth in 735 ILCS § 5/2-622 before the summary judgment phase of the case. *Id.* Failure to do so at this point is not dispositive of his claim. *Id.* Therefore, Count 2 shall proceed against all individual defendants.

## Pending Motions

Moore has filed a Motion for Reassignment of Case. (Doc. 12). He asks the undersigned or Chief Judge Rosenstengel to reassign his case to another judge to prevent delay in the Court's adjudication of this matter. The Court construes the motion as a motion for recusal.

Recusal or disqualification of a judge from a case is governed by 28 U.S.C. § 455. A party's dissatisfaction with the rate of progress in the case is not one of the grounds for disqualification. The COVID-19 pandemic and the tremendous caseload of litigation that passes through the Court has resulted in longer delays in case processing than either the Court or litigants want. Cases are being processed as quickly as possible. Moore has not pointed to any personal bias, prejudice, or issue of impartiality on the part of the undersigned, and so, the motion is denied.

In light of this Order, the motion for status is denied as moot. (Doc. 13).

## Disposition

For the reasons provided above, the Complaint survives preliminary review pursuant to Section 1915A. **Count 1** will proceed against Defendants Nurse Jackman, Jane Doe, and Wexford but is **DISMISSED** as to Defendants Livingston and Cunningham. **Count 2** will proceed against Defendants Nurse Jackman, Jane Doe, Wexford, Livingston, and Cunningham.

The Clerk of Court is **DIRECTED** to **ADD** the Warden of Lawrence Correctional Center, Dr. Deanna Brookhart, as a defendant in her official capacity only, for the purpose of identifying the Jane Doe Defendant.

The motion for reassignment is **DENIED** (Doc. 12) and the motion for status is **DENIED** as moot (Doc. 13).

The Clerk of Court shall prepare for Nurse Jackman, Wexford, Livingston, Cunningham, Brookhart, and Jane Doe (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Moore. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Moore, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Warden Brookhart, Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. Warden Brookhart need not answer or otherwise respond to the Complaint as she is only in this case for the purpose of identifying the Jane Doe Defendant.**

If judgment is rendered against Moore and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Moore is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 9, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.