IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMMY MOORE,**<br>**#R05044,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**NURSE JACKMAN,** *et al.***,**<br><br>　　　　　　　Defendants. | Case No. 20-cv-00892-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on motions for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendants Cunningham and Livingston. (Doc. 46). Plaintiff Sammy Moore has not filed a response in opposition. For the reasons set forth below, the motion for summary judgment is denied.

### BACKGROUND

Plaintiff Sammy Moore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), alleges he was denied medications to treat his migraines. He is proceeding with the following claims:

> **Count 1:** Eighth Amendment claim against Jackman and Wexford for failing to provide Moore his migraine medication.
>
> **Count 2:** State law medical negligence claim against Jackman, Cunningham, Livingston, and Wexford for failing to provide Moore his migraine medication.

(Doc. 1). On June 9, 2022, Defendants Cunningham and Livingston filed a motion for summary judgment. (Doc. 46, 47). Defendants argue that Moore failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"),

42 U.S.C. 1997e(a). After Defendants filed their motion for summary judgment, Moore filed three motions requesting extensions of the response deadline. (Doc. 58, 60, 62). All three motions were granted, and Moore had until January 17, 2023, to respond to the motion. (Doc. 63). The response deadline has past, and Moore has not filed any response.

## ANALYSIS

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

Even though Moore failed to respond, "Rule 56(e) permits judgment for the moving party only '*if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law.'" *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (citing *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 332 (7th Cir. 1993) (emphasis in original)). Although the Court may consider failure to respond as admission of the merits of the motion, SDIL-7.1(c), "even where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper as a matter of governing law." *Johnson*, 35 F.3d at 1112.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." *Id*. Thus, the PLRA requirements apply to claims brought pursuant to federal law, and "do not apply to state-law claims." *McDaniel v. Meisner,* 617 F. App'x 553, 556 n. 3 (7th Cir. 2015). *See also Robinson v. Grazyk,* 2019 WL 3801864, at * (N.D. Ill. Aug. 13, 2019) (finding that "the PLRA's exhaustion requirement applies only to [Plaintiff's] Section 1983 claim" not his state-law claims for the purposes of tolling).

Here, Moore is only proceeding on a state law medical negligence claim against Defendants Cunningham and Livingston. The Eighth Amendment claim against them was dismissed in the Court's Merit Review Order. (Doc. 15, p. 6). Therefore, Moore was not required to exhaust this claim prior to filing suit, and the motion for summary judgment is denied.

## DISPOSITION

For the reasons provided, the Court **DENIES** the motion for summary judgment (Doc. 46) filed by Defendants Cunningham and Livingston.

**IT IS SO ORDERED.**

**DATED:** January 26, 2023

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**