IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMMY MOORE,** | |
| **Plaintiff,** | |
| v. | Case No. 20-CV-00892-SPM |
| **NURSE JACKMAN, WEXFORD HEALTH SERVICES, L. LIVINGSTON, and CUNNINGHAM,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In September 2020, Plaintiff Sammy Moore brought this 18 U.S.C. § 1983 action that alleged an Eighth Amendment claim for inadequate medical care against Nurse Jackman, Cunningham, L. Livingston, and Wexford Health Services for failing to provide Moore his migraine medication (Docs. 1, 15). The Complaint also alleged a state law medical negligence claim against Jackman, Cunningham, Livingston, and Wexford for failing to provide Moore his migraine medication. (*Id.*). All Defendants moved for summary judgment. (Docs. 91, 94). Nurse Jackman and Wexford stated that Moore did not set forth any evidence that Nurse Jackman and Wexford were deliberately indifferent to his alleged serious medical needs under the standard for deliberate indifference in this Circuit. (Doc. 91). Cunningham and Livingston claimed that Moore did not meet the necessary statutory requirements to plead a case for state law medical negligence under 735 ILCS § 5/2-622 and they were not involved in Moore's medical treatment. (Doc. 94).

A response to the Motions for Summary Judgment were due on February 26, 2024 and March 6, 2024, respectively. Moore did not respond to either Motion for Summary Judgment. Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The United States Court of Appeals for the Seventh Circuit has also stated that "[a] party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). The Court has also held that failure to respond to an argument results in waiver. *See Sartor v. Spherion Corp.*, 388 F.3d 275, 279 (7th Cir. 2004) (quoting *Arendt v. Vetta Sports, Inc.,* 99 F.3d 231, 237 (7th Cir. 1996)).

## CONCLUSION

Consequently, the Motions for Summary Judgment (Docs. 91, 94) are **GRANTED**. Plaintiff Sammy Moore's claims against Defendants Nurse Jackman, Cunningham, L. Livingston, and Wexford Health Services are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 2, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
